UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

TIMOTHY ASKEW,

                Plaintiff,

    -against-

THREE POLICE OFFICERS AND THE CITY
OF NEW YORK,

                Defendants.
----------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 17 2012 ★
BROOKLYN OFFICE

**MEMORANDUM
AND ORDER**
12-CV-3796 (ENV)(SMG)

**VITALIANO, United States District Judge:**

On July 30, 2012, plaintiff filed the instant *in forma pauperis* complaint *pro se* alleging the police illegally stopped and searched him.[1] Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is granted. The Clerk of Court shall send a copy of this Order and the complaint to the New York City Law Department and a copy of this Order to plaintiff. No summonses shall issue at this time.

### Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint fails to state a claim on which relief can be granted if, taking all allegations contained in the complaint to be true, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Shakur v. Selsky*, 391 F.3d 106, 112

---

[1] Plaintiff has filed three prior actions making similar allegations. *Askew v. One Sergeant of the N.Y.P.D.*, 11-CV-2412 (ENV)(SMG); *Askew v. 6 Oficers of the N.Y.P.D.*, 11-cv-4275 (ENV)(SMG); *Askew v. Three Officers of the N.Y.P.D.*, 11-cv-4276 (ENV)(SMG). All are pending.



(2d Cir. 2004).

However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## Discussion

### A. Identifying Defendants

Plaintiff alleges that on July 24, 2012 as he was approaching his home on Fulton Street in

Brooklyn, New York, three New York City police officers traveling in a gray van with license number FFR-5799 stopped and searched him. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) *(per curiam)*, the Court requests that Corporation Counsel ascertain the full name(s) and service address(es) of the officer(s), who were involved in plaintiff's stop on July 24, 2012. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

Corporation Counsel is hereby requested to produce the information specified above regarding the identities and service addresses of the arresting officers by September 4, 2012. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on the defendants.

**B.      Dismissal of City of New York**

As with plaintiff's three prior actions, he sues the City of New York in addition to suing unnamed officers. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Here, Plaintiff

3

concludes "this continuing violation of plaintiff's constitutional rights is a direct result of New York policy, practice and customs," Complaint at ¶ III, but does not identify any policy, practice or custom. The police are charged with enforcing the laws of New York and authorized to stop and search citizens within certain parameters. Plaintiff has not identified any unconstitutional policy, custom or practice of the City of New York that is attributable to a municipal policymaker. Accordingly, there does not appear to be any basis for suing the City of New York. Plaintiff's § 1983 claim against the City of New York is dismissed without prejudice to plaintiff's right to amend the complaint to include factual allegations that comply with *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978) within 30 days of the entry of this Order on the docket.

SO ORDERED.

Eric N. Vitaliano
United States Magistrate Judge

Dated: August 9, 2012
Brooklyn, New York

4